Defendant-appellant James Black ("appellant") appeals from the trial court's determination that he was a "sexual predator" pursuant to R.C. Chapter 2950. Finding appellant's constitutional challenges to R.C. Chapter 2950 to lack merit, the judgment of the trial court is affirmed in part. Finding appellant's third assignment of error to have merit, the judgment of the trial court is reversed in part and this case is remanded for further proceedings consistent with this opinion.
 I.
On March 23, 1983, appellant was issued a three-count indictment charging him with kidnapping, rape, and felonious assault. Capias was issued for appellant and, on July 2, 1986, appellant pleaded not guilty to the charges set forth in the indictment.
On October 6, 1986, appellant retracted his former plea of not guilty and pleaded guilty to sexual battery in violation of R.C. 2907.03, a lesser included offense under the second count of the indictment, and guilty of felonious assault in violation of R.C. 2903.11 as charged in the third count of the indictment. Count one of the indictment was nolled. Thereafter, appellant was sentenced to concurrent prison terms of two years for count two, and three to fifteen years for count three.
On June 24, 1997, the trial court conducted a sexual predator determination hearing. In a journal entry and corresponding sentencing addendum filed by the trial court on July 1, 1997, appellant was "* * * automatically classified as a Sexual Predator pursuant to R.C. § 2950.09(A)." Therefrom, appellant filed the instant appeal.
 II.
In his first, second, and fourth through eleventh assignments of error, appellant raises the following constitutional challenges to R.C. Chapter 2950:
 I. H.B. 180, AS APPLIED TO THE APPELLANT, VIOLATES ARTICLE I, SECTION 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ARTICLE II, SECTION 28 OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION[S], WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS BECAUSE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTED DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION.
 XI. APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED GUILTY TO AN OFFENSE PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANT'S DUE PROCESS RIGHTS AND CRIM.R. 11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
This court has recently addressed and rejected identical challenges to the constitutionality of R.C. Chapter 2950 inState v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Accordingly, appellant's first, second, and fourth through eleventh assignments of error are summarily overruled.
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY "CLEAR AND CONVINCING EVIDENCE" THAT THE APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
As for his third assignment of error, appellant asserts that the evidence presented at his hearing was insufficient to prove by clear and convincing evidence that he is a sexual predator.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." (Emphasis added.) Appellant's guilty pleas for sexual battery and felonious assault qualify as sexually oriented offenses under R.C.2950.01(D)(1) and (3), respectively. However, appellant asserts that there was no evidence presented at the hearing to determine by clear and convincing evidence that he "is likely to engage in the future in one or more sexually oriented offenses."
In the instant case, the trial court "* * * automatically classified [appellant] as a Sexual Predator pursuant to R.C. § 2950.09(A)." However, automatic classification under R.C.2950.09(A) only applies to sex offenders who are convicted of or plead guilty to a sexually violent predator specification on or after January 1, 1997. R.C. 2950.09(A) states:
 (A) If a person is convicted of or pleads guilty to committing, on or after the effective date of this section, a sexually oriented offense that is a sexually violent offense and also is convicted of or pleads guilty to a sexually violent predator specification that was included in the indictment, count in the indictment, or information charging the sexually violent offense, the conviction of or plea of guilty to the specification automatically classifies the offender as a sexual predator for purposes of this chapter. In all other cases, a person who is convicted of or pleads guilty to, or has been convicted of or pleaded guilty to, a sexually oriented offense may be classified as a sexual predator for purposes of this chapter only in accordance with division (B) or (C) of this section.
The automatic classification provision of R.C. 2950.09(A) clearly does not apply to appellant. Therefore, appellant may be classified as a sexual predator only in accordance with R.C.2950.09(B) and (C), which require clear and convincing evidence that appellant "is likely to engage in the future in one or more sexually oriented offenses." In the instant case, the trial court made no such determination.
Accordingly, appellant's third assignment of error is sustained. The judgment of the trial court is reversed in part, and this cause is remanded for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
ANN DYKE, P.J. and JOHN T. PATTON, J. CONCUR.
 _______________________________ LEO M. SPELLACY JUDGE
N.B. This entry is an announcement of the court's decision. See App. R. 22(B), 22(D), and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22(E) unless a motion for reconsideration with supporting brief, per App. R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22(E). See, also, S.Ct.Prac.R. 11, Section 2(A)(1).